IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KENNETH RAY TURNER, #01887207,** § | |
| Petitioner, § | |
| § | |
| v. § | **CIVIL CASE NO. 3:18-CV-331-C-BK** |
| § | |
| **LORIE DAVIS, Director, TDCJ-CID,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for findings, conclusions and recommendation. Doc. 3 at 1. Upon review of the relevant pleadings and applicable law, and as detailed herein, the habeas petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

I.      **BACKGROUND**

In 2013, Turner was convicted of possession of a controlled substance with intent to deliver and unlawful possession of a firearm, and was sentenced to 35 and 10 years' imprisonment, respectively, to be served concurrently. *State v. Turner*, Nos. F13-51238 & F13-51239 (Crim. Dist. Court No. 1, Dallas Cty., Aug. 23, 2013), *aff'd*, Nos. 05-13-01486-CR & 05-13-01487-CR, 2014 WL 5476314, at *1 (Tex. App. – Dallas, Oct. 29, 2014, pet. ref'd). The Texas Court of Criminal Appeals subsequently denied state habeas relief as to the drug trafficking conviction. *Ex parte Turner*, No. WR-85,351-01 (Tex. Crim. App. Aug. 10, 2016) (denying first application); *Ex parte Turner*, No. WR-85,351-02 (Tex. Crim. App. Mar. 29,

2017) (denying second application).[1]  However, Turner did not exhaust his state court remedies as to the firearm conviction.

On February 9, 2018, Turner filed the *pro se* federal habeas petition now before the Court, challenging both convictions and alleging ineffective assistance of counsel and insufficiency of the evidence.  Doc. 3 at 6-7.  As the petition appeared untimely, the Court directed Turner to respond regarding the application of the one-year limitations period, which he has now done, Doc. 7.[2]

## II.   ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

Turner filed his federal petition well beyond the expiration of the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Turner's convictions became final on February 16, 2016—90 days after the Texas Court of Criminal Appeals refused

---

[1] The online docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-85,351-01&coa=coscca, and http://search.txcourts.gov/Case.aspx?cn=WR-85,351-02&coa=coscca (last visited on June 22, 2018).

[2] Notwithstanding Turner's failure to exhaust state court remedies as to his firearm conviction, the Court can deny his petition.  *See* 28 U.S.C. § 2254(b)(2); *Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir. 2005) (a habeas court may deny, but it cannot grant, a claim that was not exhausted in state court).

his petition for discretionary review on November 18, 2015. *See Turner*, 2014 WL 5476314, at \*1; Sup. Ct. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). The petition *sub judice* was not filed until February 9, 2018—clearly outside the one-year limitations period, absent statutory or equitable tolling.[3]

### B. Statutory Tolling

Because Turner did not file a state habeas application challenging his firearm conviction, he is not entitled to statutory tolling regarding that conviction. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling available only during pendency of properly filed state application). And, as detailed *infra*, despite the application of statutory tolling, his federal habeas challenge of his drug trafficking conviction is also untimely.

When Turner's first state habeas application was filed on May 13, 2016, 88 days of the one-year limitations period had already elapsed.[4] The state application remained pending until its denial on August 10, 2016, statutorily tolling the one-year limitations period during its pendency. The one-year period resumed running on August 11, 2016, and an additional 183 days had elapsed by the time Turner filed his second state application on February 10, 2017.[5] That application remained pending until March 29, 2017, also tolling the limitations period in the

---

[3] Because Turner neither dated the instant federal petition nor certified the date on which he placed it in the prison mailing system, Doc. 3 at 10-11, the so-called "mailbox rule" is inapplicable, and the petition is deemed filed on the date of the postmark.

[4] The state application is deemed filed on May 13, 2016, the date on which Turner indicated it was signed and, therefore, likely also handed it to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013); *see also Ex parte Turner*, No. W1351238A, *Application for Writ* (Crim. Dist. Court No. 1, Dallas Cty., Tex., filed May 31, 2016), available at http://courtecom.dallascounty.org/publicaccess/ (last visited June 22, 2018).

[5] Neither the second application or the brief in support indicate the date signed. Thus, the application's postmark date is deemed the date filed.

interim.  At that point, only 94 days of the limitations period remained.  However, another 317 days elapsed before Turner filed his federal petition on February 9, 2018.  Consequently, Turner's federal habeas challenge of his drug trafficking conviction is also outside of the one-year limitations period under section 2244(d)(1)(A).

Subsections (B) through (D) of section 2244(d)(1) are inapplicable here.  Turner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his convictions became final.  Accordingly, Turner's federal habeas petition is barred by limitations, absent equitable tolling.

### C. Equitable Tolling

Turner's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotations and quoted case omitted); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016). Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Furthermore, this is not a case in which Turner pursued "the process with diligence and alacrity."  *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).  As previously noted, he squandered the entire one-year period as to both convictions.  While he sought state habeas relief as to his drug trafficking conviction, he waited 88 days after that conviction became

final to file his first application.  Following the denial of that application, Turner waited an additional 183 days before he submitted his second state application.  And after the denial of the second application, Turner delayed 317 days, before filing this federal habeas action.  Such extended periods of inactivity clearly indicate a lack of due diligence.

In addition, neither Turner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling.  See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d  390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Contrary to his suggestion, Turner's assertions of ineffective assistance of counsel on appeal, Doc. 7 at 2, have no bearing on equitable tolling because the alleged delay in filing a petition for discretionary review necessarily preceded the commencement of the one-year limitations period, which starts only after the refusal/denial of discretionary review.  *Cf. Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) (ineffective assistance of counsel on appeal is not relevant to equitable tolling).  Moreover, while Turner generally asserts that prison "lockdowns . . . hamper deadlines," he does not specify any interval of prison lockdown he experienced during the one-year period.  Consequently, Turner has not met his burden to establish that equitable tolling is warranted in this case.  See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** July 18, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE